IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

UNITED STATES *ex rel.*
DIVERSIFIED LENDERS, LLC, *as*
*assignee of Dixie Painting and*
*Maintenance Contractors, Inc.*,

    Plaintiff,

vs.

SURETEC INSURANCE COMPANY,

    Defendant.

    *        CASE NO. 3:18-CV-99 (CDL)

O R D E R

    Plaintiff Diversified Lenders, LLC ("Diversified") brings this action pursuant to the Miller Act, 40 U.S.C. §§ 3131-34, on a federal payment bond issued by Defendant SureTec Insurance Company ("SureTec"). Pursuant to Federal Rule of Civil Procedure 12(b)(1), SureTec has moved to dismiss for lack of standing because Diversified is not a proper party under the Act and for lack of subject matter jurisdiction because Diversified did not allege compliance with the Act's statute of limitations. Alternatively, SureTec moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. As explained below, because Diversified has standing to bring a claim and because the Miller Act one-year statute of limitations is nonjurisdictional, SureTec's motion to dismiss on these grounds is denied. SureTec's motion to dismiss for failure to state a claim, however, is more compelling.

1

Nevertheless, the Court finds that under the circumstances, the remedy for Diversified's pleading deficiencies is amendment to the complaint rather than dismissal at this stage of the proceedings. Accordingly, Diversified shall be permitted to amend its complaint within fourteen days of today's Order to set out facts showing that its claim is not barred by the Miller Act's one-year statute of limitations. SureTec will then have twenty-one days from the service of the amended complaint to renew its motion to dismiss. Consistent with the foregoing, SureTec's motion to dismiss (ECF No. 7) for lack of jurisdiction and standing is denied while its motion to dismiss for failure to state a claim is terminated as moot.

STANDARD

Because SureTec's jurisdictional challenge is a facial one, the Court must accept the allegations of Diversified's complaint as true, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam), just as the Court must accept those allegations as true for purposes of deciding whether Diversified's complaint fails to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Diversified's complaint must include sufficient factual

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" Diversified's claims. *Id.* at 556.

FACTUAL ALLEGATIONS

Diversified alleged the following facts in support of its claim:

In July 2013, Dixie Painting and Maintenance Contractors, Inc. ("Dixie") entered a finance agreement with American Business Finance, LLC ("American"). Compl. ¶ 6, ECF No. 1. The agreement assigned Dixie's invoices to American and granted American a security interest in Dixie's accounts, including payments on the invoices. *Id.* ¶¶ 8-9. Diversified later purchased American's interest in Dixie, and American assigned its rights under the finance agreement to Diversified. *Id.* ¶¶ 11-12. Thus, Diversified is the assignee of the Dixie invoices and holder of security interests in the invoice payments.

In July 2016, SureTec issued a payment bond for work on a federal construction project with Vision Construction Company ("Vision") as the principal. *Id.* ¶ 14. A month later, Vision subcontracted with Dixie to perform work on the project. *Id.* ¶ 13. Dixie completed its scope of work, but Vision did not pay. *Id.* ¶ 15. Diversified does not specifically allege when Dixie finished its work.

In June 2017, Vision declared bankruptcy. *Id*. ¶ 16. SureTec filed several motions for relief from the bankruptcy court's automatic stay to facilitate completion of certain bonded projects and to collect and apply bonded project funds. *Id*. ¶¶ 17-18. SureTec's requests for relief from the stay did not reference Dixie's project. *Id*. ¶ 19. Diversified also filed a motion to lift the automatic stay so it could seek payment as a claimant and obligee under the bond, which the bankruptcy court granted in December 2017. *Id*. ¶ 20. In January 2018, Diversified submitted a claim to SureTec. *Id*. ¶ 21. SureTec denied the claim in May 2018. *Id*. ¶¶ 22-23. Diversified then brought this action.

DISCUSSION

Diversified brought a single Miller Act bond claim against SureTec. SureTec contends Diversified is not a proper claimant under the Act and that the complaint should be dismissed based on the Act's one-year limitation period. The Court addresses these arguments in turn.

## I. Diversified Is a Proper Claimant

First, SureTec contends that Diversified is not a proper party. In relevant part, the Miller Act provides as follows: "Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished . . . may bring a civil action on the payment bond." 40 U.S.C. § 3133(b)(1). SureTec contends this language precludes

recovery by assignees like Diversified who did not actually furnish labor or materials on the project. But under the Miller Act's predecessor statute, the Heard Act, several Supreme Court cases "established that assignees of the claims of persons furnishing labor or material came within the protection of the statutory bond." *United States* ex rel. *Sherman v. Carter*, 353 U.S. 210, 219 (1957) (citing Heard Act cases for this proposition). And "[t]here is nothing in the language, legislative history, or related decisions to indicate that Congress intended to overturn these cases when it replaced the Heard Act with the broader and more liberal provisions of the Miller Act." *Id*. SureTec has also failed to point to any language in the actual bond that prevents the assignment of claims. Therefore, the Court concludes that Diversified may assert a claim against the bond even though it is an assignee. SureTec's motion to dismiss on this ground is therefore denied.

## II. The Court's Jurisdiction Is Not Implicated by the Limitation Period, but the Complaint Is Nevertheless Deficient

The Miller Act provides that an action on a federal payment bond "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). Diversified did not specifically allege that Dixie performed work within the required period. Diversified instead contends that

discovery is needed regarding the date Dixie last performed work and that circumstances could estop SureTec from relying on the limitation. SureTec responds that the limitation is jurisdictional and Diversified therefore may not rely on any equitable doctrines to excuse noncompliance. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *United States* ex rel. *Harvey Gulf Int'l Marine, Inc. v. Md. Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978) (concluding that timely filing of Miller Act claim in state court could not toll jurisdictional statute of limitations).[1] Alternatively, SureTec asserts that Diversified's complaint fails to state a claim. The Court concludes that jurisdiction is proper but that Diversified's complaint is nonetheless deficient as explained below.

A.  Rule 12(b)(1)

Before Congress split the former Fifth Circuit to form the Eleventh Circuit, the Fifth Circuit clearly held that the Miller Act's one-year limitation period was jurisdictional. *See Harvey Gulf*, 573 F.2d at 247 ("Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

by the Miller Act."). This decision therefore represents binding Eleventh Circuit precedent. But after the creation of the Eleventh Circuit, the Fifth Circuit clarified its holding in *Harvey Gulf* to explain that the statute of limitations is limitational and not jurisdictional. *See United States* ex rel. *Am. Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 256-57 (5th Cir. 1991); *see also United States* ex rel. *Tex. Bitulithic Co. v. Fidelity and Deposit Co. of Md.*, 813 F.2d 697, 699 (5th Cir. 1987). The Eleventh Circuit, however, does not appear to have reconsidered *Harvey Gulf*. *See United States* ex rel. *Dillon Constr., Inc. v. Cont'l Ins. Co.*, 776 F.2d 962, 964 n.1 (11th Cir. 1985) (casting doubt on district court's conclusion that the limitation is jurisdictional but declining to consider the issue). Accordingly, that decision is still binding precedent until overruled by the Eleventh Circuit or the Supreme Court.

Diversified argues that the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) abrogated *Harvey Gulf*. In *Arbaugh*, the Supreme Court determined that Title VII's provision limiting the statute's application to employers with over fifteen employees was "an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id*. at 516. Although the holding in *Arbaugh* applies specifically to Title VII and not the Miller Act, the Supreme Court went beyond Title VII to provide direction to lower courts when faced with determining whether a restriction on

the coverage of a statute is jurisdictional or limitational.  As explained by the Supreme Court, "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue."  *Id*. at 515-16 (footnote omitted).  The Court then announced what it described as the following "bright line" rule: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  *Id*. at 516.  The Supreme Court clearly intended for this bright line rule to be applied to all federal statutes, not just Title VII.

Generally, under the Eleventh Circuit's "prior panel precedent rule, a holding by a prior panel is binding unless there is 'a clearly contrary opinion of the Supreme Court or of [the Eleventh Circuit] sitting en banc.'"  *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1177 (11th Cir. 2018) (quoting *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam)); *see also Garrett*, 344 F.3d at 1292 (following prior panel precedent because intervening Supreme Court decision was "not clearly inconsistent" with that precedent).  Therefore, unless *Arbaugh* is "clearly on point" and "clearly inconsistent" with *Harvey Gulf*, the Court must follow the latter.  *Garrett*, 344 F.3d at 1292.

The Court concludes that *Harvey Gulf* cannot be followed in light of *Arbaugh*. First, *Arbaugh* specifically addresses the situation here, where a court is called to determine whether a statutory restriction is jurisdictional. Therefore, it is sufficiently on point. Second, *Arbaugh*'s "bright line" instruction to lower courts that such restrictions are presumptively limitational is inconsistent with *Harvey Gulf*'s conclusion that the Miller Act's limitation is jurisdictional. Thus, this Supreme Court pronouncement conflicts directly with the holding in *Harvey Gulf* and abrogated it prospectively. *See United States* ex rel. *Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1176-78 (9th Cir. 2013) (concluding that prior precedent holding that the Miller Act's one-year limitation was jurisdictional could not stand in light of *Arbaugh* and additional Supreme Court precedent). Thus, the Court is bound by *Arbaugh* and not *Harvey Gulf,* and the one-year statute of limitations shall be treated as limitational and not jurisdictional. *See id*. at 1177 (concluding that limitation provision did not speak in jurisdictional terms and is not part of a jurisdictional statutory section); *id*. at 1178 (finding the limitation as nonjurisdictional

to be consistent with Miller Act's "highly remedial" purpose).

Accordingly, SureTec's motion to dismiss on this ground is denied.[2]

### B. Rule 12(b)(6)

The Court's conclusion that the Miller Act's one-year limitation is not jurisdictional does not relieve Diversified of the burden to allege facts necessary to support the essential elements of its claims, including satisfaction of the one-year limitation period. *See Arbaugh*, 546 U.S. at 516 (concluding that satisfaction of statutory restriction is an element of plaintiff's claim for relief). Accordingly, Diversified must still allege facts in its complaint to establish that its claim is timely. Diversified filed this action on July 25, 2018. Therefore, to avoid dismissal, Diversified must allege that Dixie performed work on the project on or after July 25, 2017, or it must allege facts supporting the tolling of the statute of limitations or otherwise excusing compliance with the limitation.

Diversified's present complaint does none of these. It does not specifically allege that Dixie performed any work within a year preceding the filing of its complaint. And it does not allege facts that would authorize tolling or otherwise excuse compliance with the one-year statute of limitations. Diversified should have enough information available to it to allege in good faith whether

---

[2] By refusing to follow *Harvey Gulf,* this Court is not predicting what the Eleventh Circuit will do in response to *Arbaugh*. Instead, the Court is doing what the Supreme Court says should be done post-*Arbaugh*.

the facts from its perspective show that the action is timely or that compliance with the statute of limitations should be excused. Notwithstanding this deficiency in its complaint, the Court does not find dismissal to be the proper remedy here. Instead, the Court allows Diversified to amend its complaint as long as it does so within fourteen days of this Order. SureTec may renew its motion to dismiss within twenty-one days of service of Diversified's amended complaint.

CONCLUSION

Based on the foregoing, SureTec's motion to dismiss for lack of jurisdiction or lack of standing (ECF No. 7) is denied and its motion to dismiss for failure to state a claim is terminated as moot.[3]

IT IS SO ORDERED, this 20th day of November, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

_____

[3] SureTec may also renew its motion to dismiss Diversified's attorney's fees claim if the amended complaint does not adequately allege such a claim.